20-3039-cv
International Business Machines Corp. v. Rodrigo Kede de Freitas Lima

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of January, two thousand twenty-one.

Present:    ROSEMARY S. POOLER,
            RICHARD C. WESLEY,
            WILLIAM J. NARDINI,
                    *Circuit Judges*.

_____

INTERNATIONAL BUSINESS MACHINES CORPORATION,

                    *Plaintiff-Appellee*,

            v.                                          20-3039-cv

RODRIGO KEDE de FREITAS LIMA,

                    *Defendant-Appellant*.

_____

Appearing for Appellant:     Andrew D. Silverman, Orrick, Herrington & Sutcliffe LLP
                             (Elizabeth R. Cruikshank, Michael Delikat, James H. McQuade,
                             Katherine E. Munyan, *on the brief*), New York, N.Y.

Appearing for Appellee:      Robert A. Atkins, Paul, Weiss, Rifkind, Wharton & Garrison LLP
                             (Liza M. Velazquez, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Halpern, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Rodrigo Kede de Freitas Lima appeals from the September 3, 2020 preliminary injunction entered by the United States District Court for the Southern District of New York (Halpern, *J.*) enforcing a noncompete agreement that barred Lima from taking a job as corporate vice president for Latin America for Microsoft Corporation. *Int'l Bus. Mach. Corp. v. de Freitas Lima*, 2020 WL 5261336 (S.D.N.Y. Sept. 3, 2020). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"As a general rule we do not disturb a district court's grant of a preliminary injunction, absent an abuse of its discretion." *Fireman's Fund Ins. Co. v. Leslie & Elliott Co.*, 867 F.2d 150, 150–51 (2d Cir. 1989). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001). (citation omitted).

To justify the issuance of a preliminary injunction, the plaintiff must show (1) "a likelihood of success on the merits," (2) "that [the plaintiff] is likely to suffer irreparable injury in the absence of an injunction," (3) that "the balance of hardships tips in the plaintiff's favor," and (4) "that the public interest would not be disserved by the issuance of [the] preliminary injunction." *Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010) (internal quotation marks omitted).

Under New York law, "negative covenants restricting competition are enforceable only to the extent that they satisfy the overriding requirement of reasonableness." *Reed, Roberts Assocs., Inc. v. Strauman*, 40 N.Y.2d 303, 307 (1976). A restrictive covenant between an employer and employee "will only be subject to specific enforcement to the extent that it is reasonable in time and area, necessary to protect the employer's legitimate interests, not harmful to the general public and not unreasonably burdensome to the employee." *Id.* at 307. New York "strictly appl[ies] the rule [of reasonableness] to limit enforcement of broad restraints on competition." *BDO Seidman v. Hirshberg*, 93 N.Y.2d 382, 389 (1999). "A violation of any prong renders the covenant invalid." *Id.* at 389. Yet if a "case specific analysis" indicates that the employer "in good faith sought to protect a legitimate busines interest, consistent with reasonable standards of fair dealing," a court may "cure the unreasonable aspect of an overbroad restrictive covenant through the means of partial enforcement or severance," so long as "the unenforceable portion is not an essential part of the agreed exchange." *Id.* at 394.

On appeal, Lima raises no challenge to the district court's findings of fact. His primary argument is that the district court committed legal error in enforcing an overbroad covenant. In light of the standard of review, and considering the reasonableness of the non-compete agreement as applied to the unusual circumstances of this case, we affirm. The factual conclusions of the district court regarding what job duties were performed by Lima, what Lima learned as he undertook those duties, as well as whether that information was highly confidential

and how similar his duties were at both jobs, form the basis for the legal conclusions the district court drew. *de Freitas Lima*, 2020 WL 5261336 at \*7-9. The district court's conclusion that Lima's job at IBM provided him with access to IBM's trade secrets, namely IBM's confidential plans regarding its strategy to acquire new cloud computing clients in Latin America—the exact geographic market he would be overseeing at Microsoft—is a factual finding under New York law. *See Marietta Corp. v. Fairhurst*, 754 N.Y.S.2d 62, 66 (3d Dep't 2003) (setting out the fact finding a court must undertake to determine if information is a trade secret). Lima fails to demonstrate any of the district court's findings of fact is clearly erroneous.

The district court also found, as a factual matter, that Lima would perform substantially similar work at Microsoft in an arena where IBM was a direct competitor. Those findings of fact also are not clearly erroneous. Therefore, we cannot say that the district court clearly erred in concluding, as a predictive matter, that Lima would inevitably disclose IBM's confidential information as he undertook his job duties at Microsoft. *de Freitas Lima*, 2020 WL 5261336 at \*13. Finally, we agree with the district court's conclusion that the non-compete agreement does not impose undue hardship on Lima, as he is currently on Microsoft's payroll. *Id.* at \*10.

We emphasize that the district court's fact finding leads to our conclusions here. The abuse of discretion standard of review requires only that the district court's answer fall within the spectrum of reasonable results. *See Zervos* 252 F.3d at 169 ("When a district court is vested with discretion as to a certain matter, it is not required by law to make a particular decision. Rather, the district court is empowered to make a decision—of its choosing—that falls within a range of permissible decisions."). Application of that standard here compels us to affirm.

We have considered the remainder of Lima's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3